UNITED STATES DISTRICT COURT
*for the*
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| RITA PEOPLES-BELL, | ) | Civil Action No.: |
| | ) | Honorable |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant, | ) | |

S. WESLEY COMPTON P75103
SAMANTHA E. SCHANTA P73952
PADILLA LAW GROUP
Attorneys for Plaintiff
1821 W. Maple Road
Birmingham, MI 48009
(248) 593-0300/F (248) 593-0301
wcompton@padillalegal.com
sschanta@padillalegal.com

## COMPLAINT

NOW COMES Plaintiff, Rita Peoples-Bell, by and through her attorneys, Padilla Law Group, and for her Complaint against the above named Defendant, United States of America, states as follows:

## INTRODUCTION

1. This is an action against Defendant, United States of America, under the Federal Tort Claims Act (28 U.S.C. § 2671, et seq.) and 28 U.S.C. § 1346(b)(1), for negligence in connection with a motor vehicle accident caused by an employee of said Defendant.

2. The claims herein are brought against Defendant, United States of America, pursuant to the Federal Tort Claims Act (28 U.S.C. § 2671, et seq.) and 28 U.S.C. § 1346(b)(1), for money damages as compensation for personal injuries caused by said Defendant's employee's and/or agent's negligence.

3. Plaintiff has fully complied with the provisions of 28 U.S.C. §2675 of the Federal Tort Claims Act. (Standard Form 95 attached as Exhibit A).

4. This suit has been timely filed, in that Plaintiff timely served notice of her claims on the United States Postal Service, as an agent of Defendant, United States of America, on January 9, 2024, less than two years after the incident forming the basis of this suit.

5. Plaintiff files this Complaint pursuant to 28 U.S.C. §2401(b) after the United States Postal Service's failure to make a final disposition of Plaintiff's claim within six months of filing.

**PARTIES, JURISDICTION AND VENUE**

6. Plaintiff restates each and every allegation above as if set forth fully herein.

7. Plaintiff, Rita Peoples-Bell, is and has at all times pertinent hereto, been a resident of the City of Detroit, County of Wayne, State of Michigan, and resides within the Eastern District of Michigan.

8. Defendant, United States of America, through its agency, the United States Postal Service, operates postal facilities within the southeast regions of the

2

State of Michigan, including, but not limited to the City of Southfield, Oakland County.

9. At all relevant times relevant to this Complaint, the directors, officers, operators, administrators, employees, agents, and staff of the Department were employed by and/or acting on behalf of Defendant, United States of America. Furthermore, Defendant is responsible for the negligent acts of its employees and agent pursuant to the doctrine of respondeat superior.

10. The incident or occurrence alleged herein did occur in the City of Southfield, County of Oakland, State of Michigan.

11. Jurisdiction is proper under 28 U.S.C. § 1346(b)(1).

12. Venue is proper under 28 U.S.C. § 1402(b)(1) in that all, or a substantial part of the acts and omissions forming the basis of these claims occurred in the City of Southfield, Michigan, within the Eastern District of Michigan

## FACTUAL ALLEGATIONS

13. Plaintiff restates each and every allegation above as if set forth fully herein.

14. That on or about July 22, 2022, at approximately 3:31 p.m., Plaintiff was involved in a motor vehicle collision at or near the intersection of Southfield Road and Addison Street, in the City of Southfield, Oakland County, Michigan. Plaintiff was a passenger in a vehicle traveling northbound on Southfield Road when she was struck by Kyaunna Everett's vehicle, which

was traveling in a northwesterly direction while attempting a right turn from westbound Addison Street onto northbound Southfield Road, when Kyaunna Everett failed to operate her vehicle with due care and caution, failed to drive the vehicle on the roadway with due diligence and circumspection, failed to yield to Plaintiff's vehicle, failed to determine that her turn could be made in safety; failed to ascertain that movement from her lane of travel could be done with safety, negligently attempted an improper and/or prohibited turn, and failed to stop her vehicle in assured clear distance, and did violently strike Plaintiff's vehicle,

15. The motor vehicle accident was caused by the negligence of Kyaunna Everett while driving a motor vehicle owned by Defendant, United States of America, bearing U.S. Postal Service serial number 3311958, within the scope of her employment with Defendant.

16. Kyaunna Everett failed to operate her vehicle in a careful and prudent manner, failed to yield to Plaintiff's vehicle, failed to ascertain that movement from her lane of travel could be done with safety in violation of MCL 257.642; negligently attempted an **improper and/or prohibited turn** in violation of MCL 257.647; failed to stop her vehicle in assured clear distance, and was operating the vehicle with willful and wanton disregard for the safety of other

4

motorists, specifically Plaintiff, who was a passenger in a vehicle lawfully traveling northbound on Southfield Road.

17. Kyaunna Everett's failure to operate her vehicle with due care and caution, failure to yield to Plaintiff's vehicle, failure to determine that her turn could be made in safety 257.648; failure to ascertain that movement from her lane of travel could be done with safety, negligently attempting an improper and/or prohibited turn, and failure to operate the motor vehicle on the roadway in a manner and at a rate of speed that would permit it to be stopped within assured clear distance while traveling from westbound Addison Street onto northbound Southfield Road resulted in a collision, causing Plaintiff to suffer severe injuries.

## COUNT I
## CLAIM FOR TORT LIABILITY FOR NON-ECONOMIC LOSS
## UNDER MCL SECTION 500.3135(1)

18. Plaintiff repeats each and every allegation above as if set forth fully herein.

19. That on or about the aforementioned date and time and place indicated in Paragraph 14 of this Complaint, Plaintiff, Rita Peoples-Bell, was a passenger in a 2021 Ford Edge motor vehicle bearing Michigan license plate number ARM401.

20. That on or about the aforementioned date and time and place indicated in Paragraph 14 of this Complaint, Kyaunna Everett, while acting within the

5

scope of her office or employment with Defendant, United States of America as a director, officer, operator, administrator, employee, agent, and/or staff of Defendant, United States of America, was the operator of a Grumman LLV motor vehicle bearing U.S. Postal Service serial number 3311958.

21. That on or about the aforementioned date and time and place indicated in Paragraph 14 of this Complaint, Defendant, United States of America, was the owner of the Grumman LLV motor vehicle bearing U.S. Postal Service serial number 3311958, being operated by Kyaunna Everett.

22. Kyaunna Everett owed to Plaintiff, Rita Peoples-Bell, certain duties which Kyaunna Everett, violated, and that the violation of these duties and obligation considered of the following acts of negligence and breaches of duties owing to Plaintiff:

    (a) Violation of the duty to operate the motor vehicle on the roadway in a manner and at a rate of speed that would permit it to be stopped within a safe distance, MCL 257.627(1), and Defendant owner allowing the same to happen;

    (b) Failure to drive with due care and/or caution as required under the circumstance in violation of MCL §257.627, and Defendant owner allowing the same to happen;

    (c) Driving the vehicle carelessly and recklessly with willful and wanton disregard for the safety and rights of others, MCL 257.626; and Defendant owner allowing the same to happen;

6

(d)     Failing to drive the vehicle on the roadway with due diligence and circumspection and to not endanger or be likely to endanger other persons or property, MCL 257.626(b);

(e)     Violation of the operator's duty to exercise reasonable care and caution, and to observe other vehicles lawfully upon the roadway, particularly Plaintiff's vehicle, and Defendant owner allowing the same to happen.

(f)     Violation of the duty to operate a motor vehicle so that collision with other vehicles would not ensue, particularly Plaintiff's vehicle, and Defendant owner allowing the same to happen.

(g)     Violation of the duty to operate a motor vehicle in such a matter as to maintain the same under control taking into account the grade of highway, general conditions then existing, and to maintain the said vehicle so that it could safely be halted, and Defendant owner allowing the same to happen.

(h)     Violation of the duty to keep said motor vehicle under control at all times, and Defendant owner allowing the same to happen.

(i)     Violation of the duty to drive the vehicle on the roadway with due diligence and circumspection and to not endanger or be likely to endanger other persons or property, MCL 257.626c, and Defendant owner allowing the same to happen.

(j)     Violation of the duty to keep a proper lookout for traffic conditions then and there existing, or while keeping said lookout, and failing to heed such conditions.

(k)     Operating said vehicle in a careless manner without due regard to the traffic, surface and width of the highway, weather condition, and of other conditions then existing, and Defendant owner allowing the same to happen.

7

(l) Failing to observe the highway in front of the vehicle when Kyaunna Everett knew or should have known that failure to observe Plaintiff's vehicle would endanger the life or property of other persons using the roadway, and Defendant owner allowing the same to happen.

(m) Failing to yield to Plaintiff's vehicle in violation of MCL 257.649, and Defendant owner allowing the same to happen.

(n) Negligently failing to determine that her turn could be made safely and failing to signal when turning from her lane of travel in violation of MCL 257.648, and Defendant owner allowing the same to happen.

(o) Negligently moving from her lane of travel without first ascertaining such movement could be done with safety in violation of MCL 257.642;

(p) Negligently attempting an improper and/or prohibited turn in violation of MCL 257.647; and,

(q) Failing to drive at a careful and prudent speed that was reasonable and proper having due regard for the traffic conditions and surface of the roadway, MCL 257.627, and/or other various laws, and Defendant owner allowing the same to happen.

23. Plaintiff further states and alleges that at the time and place herein before set forth, Kyaunna Everett did then and there negligently, carelessly, and without due regard for the rights of Plaintiff, fail and neglect to operate the motor vehicle driven by Kyaunna Everett, and owned by Defendant United States of America, as required, and as specifically set forth in the preceding paragraphs of this Complaint.

8

24. That the negligence and neglect of Kyaunna Everett consisted of violations of the duties and requirements of the Motor Vehicle Code of the State of Michigan, as set forth in Paragraph 22 of this Complaint, and constitutes circumstances where the United States, if a private person, would be liable to Plaintiff pursuant to 28 U.S.C. § 1346(b)(1).

25. That as a direct and proximate result of the breach of Kyaunna Everett's, duties, Plaintiff's vehicle was struck with great force and violence, causing Plaintiff to sustain serious and grievous injuries.

26. That as a consequence of the collision herein set forth, Plaintiff sustained traumatic injuries to her head, neck, back, left arm, left shoulder, knees, left leg and left foot, including, but not limited to: *disc herniations at C2-C3 and C4-C5 impinging on the thecal sac with ventral cord flattening at C4-C5, a disc herniation at C5-C6 with nerve root encroachment, and an acute traumatic disc herniation at L4-L5 with impingement on the left L4 exiting nerve with dorsal ligamentous damage*, among others, and injuries generally throughout the entire body, and emotional injury and trauma, and Plaintiff sustained injuries and aggravations to pre-existing conditions, whether known or unknown at the time.

27. That the injuries sustained by Plaintiff constitute a serious impairment of a body function, and serious and permanent disfigurement.

28. That as a result of the injuries sustained by Plaintiff, she has suffered and will continue to suffer the following:

    (a) Pain and suffering, past, present and future.

    (b) Mental anguish.

    (c) Embarrassment and shock.

    (d) Loss of normal, social and recreational activities.

    (e) Permanent injury and incapacity of disability.

    (f) Loss of wage earning capacity and future wages.

    (g) Aggravation of pre-existing conditions, whether known or unknown.

29. Plaintiff's damages include excess economic loss damages, including wage loss or actual future loss of earnings to the extent that such losses are recoverable in excess of the no-fault statutory monthly and yearly maximums, pursuant to MCL 500.3135(3)(c). Plaintiff also claims excess medical expenses above and beyond personal injury protection (PIP) medical benefits applicable to Plaintiff for the subject accident.

WHEREFORE, Plaintiff, Rita Peoples-Bell, requests damages against Defendant, United States of America, in whatever amount she is found to be entitled, as may be found to be fair, just and equitable, together with interest, costs and attorney fees so wrongfully sustained. In addition, Plaintiff requests that the Court grant such other and further relief as necessary and proper in the above case.

## COUNT II
## VICARIOUS LIABILITY, RESPONDEAT SUPERIOR, OSTENSIBLE AGENCY AND/OR AGENCY

29. Plaintiff repeats each and every allegation above as if set forth fully herein.

30. At all relevant times, Kyaunna Everett was employed by and/or acting on behalf of Defendant, United States of America.

31. At all relevant times, Kyaunna Everett was acting within her respective capacity and scope of employment with Defendant, United States of America.

32. Kyaunna Everett negligently caused personal injury to Plaintiff, including both acts of omission and acts of commission.

33. As a direct and proximate result of Kyaunna Everett's negligence, Plaintiff has suffered severe injuries and extensive damages, as detailed above.

34. The acts and/or omissions set forth above constitute a claim under the laws of the State of Michigan, specifically the Michigan No-Fault Insurance Act, MCL 500.3101 et seq.

35. Defendant, United States of America, is liable pursuant to 28 U.S.C. §1346(b)(1).

WHEREFORE, Plaintiff, Rita Peoples-Bell, requests damages against Defendant, United States of America, in whatever amount she is found to be entitled, as may be found to be fair, just and equitable, together with interest, costs and attorney fees so wrongfully sustained. In addition, Plaintiff requests that the Court

grant such other and further relief as necessary and proper in the above case.

                                  Respectfully Submitted,
                                  PADILLA LAW GROUP

                                  /s/ S. Wesley Compton
                                  S. WESLEY COMPTON P75103
                                  Attorney for Plaintiff
                                  1821 W. Maple Road
                                  Birmingham, MI 48009
                                  (248) 593-0300

Dated:   July 11, 2025

UNITED STATES DISTRICT COURT
*for the*
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| RITA PEOPLES-BELL, | ) | Civil Action No.: |
| | ) | Honorable |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant, | ) | |

S. WESLEY COMPTON P75103
SAMANTHA E. SCHANTA P73952
PADILLA LAW GROUP
Attorneys for Plaintiff
1821 W. Maple Road
Birmingham, MI 48009
(248) 593-0300/F (248) 593-0301
wcompton@padillalegal.com
sschanta@padillalegal.com

## JURY DEMAND

Plaintiff demands a Trial by jury in this matter.

                                        Respectfully Submitted,
                                        PADILLA LAW GROUP

                                        /s/ S. Wesley Compton
                                        S. WESLEY COMPTON P75103
                                        Attorney for Plaintiff
                                        1821 W. Maple Road
                                        Birmingham, MI 48009
                                        (248) 593-0300

Dated:   July 11, 2025